**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-6560**

---

DERWIN A. OSBOURNE,

                        Plaintiff - Appellant,

    versus

GENE JOHNSON, sued in his individual and
official capacities; TRACEY S. RAY, sued in
his individual and official capacities,

                        Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Jackson L. Kiser, Senior District Judge.  (7:05-cv-00756-jlk)

---

Submitted:  October 6, 2006      Decided:  November 16, 2006

---

Before NIEMEYER, KING, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Derwin A. Osbourne, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Derwin A. Osbourne filed a Fed. R. Civ. P. 60(b) motion, purporting to challenge a state court judgment. The district court construed the filing as a 42 U.S.C. § 1983 (2000) action and dismissed it for failure to state a claim under 28 U.S.C. § 1915A (2000). Osbourne then filed a motion for reconsideration, claiming that his filing was a mistaken attempt to appeal a state court decision. The court denied the motion. Osbourne timely appealed the denial of both orders.

Because Osbourne's motion was unambiguously titled and because he subsequently made his intent explicitly clear, we find that the district court erred in construing his filing as a § 1983 complaint. Accordingly, we modify the district court's dismissal to show that the case was dismissed for lack of jurisdiction[*] and affirm the dismissal as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) (explaining that a federal district court has no authority to review state court judgments); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (holding that district courts do not have appellate jurisdiction over state courts).